4 U.S. 433
 4 Dall. 433
 1 L.Ed. 897
 Lyle
v.
Baker et al.
 Supreme Court of Pennsylvania.
 December Term, 1806
 
 THIS action was instituted, in the Common Pleas of Philadelphia county, at September term 1806; and a habeas corpus was taken out by the defendants on the 1st of December following, to remove it into the Supreme Court. Tod, for the plaintiff, alleged that the habeas corpus had issued too late, and moved for a procedendo, on the 20th section of the act of the 24th of February 1806 (7 vol. 342.) which provides, 'that no action shall be removed from any of the Courts of Common Pleas, to the Supreme, or Circuit Courts, by consent, or otherwise, unless the same is removed, on, or before, the first day of the next term, after the said action shall have been commenced.'
 After argument in a full Court (but Judge YEATES being now absent, owing to indisposition) the Chief Justice, on the 17th of January 1807, delivered the following unanimous opinion.
 TILGHMAN, C. J.
 
 
 1
 The case turns entirely upon the construction of the 20th section of the act, 'to alter the judicia y system of this commonwealth.' Where the intention of the legislature is clearly expressed, it must prevail, whatever may be the consequences. But, in the endeavour to discover the legislative intention, we must so construe the law, as not to reject any of its words; and if there appears to be a contradiction in the expressions, we must seek and pursue, upon the whole, the prevailing object and intent of the law. Viewing, then, all the parts of the section under consideration, I am of opinion, that an action may be removed to the Supreme Court, at any time before, or on, the first day of the term, succeeding that to which the original writ is returned. The expression, 'first day of the next term after the action shall have been commenced,' taken by itself, would, certainly, limit the removal to the first day of the first term: but other expressions (I mean, particularly, the words, 'on or before') must, also, be considered; and they cannot be satisfied, if the right of removal is restricted to the first day of the first term. It is impossible to remove an action, before the first day of the term, to which the writ is returnable; as the writ of removal is directed to the Court, in which the action is brought, and the Court can have no knowledge of the action, until its session, at the term, next succeeding its commencement.
 
 
 2
 On this view of the subject, we are of opinion, that the intention of the legislature cannot be carried into effect, without so construing the act, as to admit of the removal of an action, on, or before, the first day of the term next after that, to which the original writ is returnable.
 
 
 3
 Procedendo refused.